Moses S. Bardavid (SBN 200296)
LAW OFFICES OF MOSES S. BARDAVID
15910 Ventura Boulevard
Suite 1405
Encino, CA 91436
Tel:  (818) 582-3463
Fax: (818) 582-3465

Attorneys for Defendant,
JOE ROZSA aka JOSEPH RICHARD ROZSA
aka JAY RICH VEYRON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KEVIN ZHANG INC., a California corporation, and KEVIN ZHANG, an individual,<br><br>                  Plaintiffs,<br><br>        v.<br><br>JOE ROZSA aka JOSEPH RICHARD ROZSA aka JAY RICH VEYRON, an individual, and DOES 1-10,<br><br>                  Defendants. | Case No.:  2:20-cv-06247--SVW-AFM<br><br>Judge: Hon. Stephen V. Wilson<br><br>**DEFENDANT, JOE ROZSA'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(2) & (6) AND SPECIAL MOTION TO STRIKE PURSUANT TO THE CALIFORNIA ANTI-SLAPP STATUTE, CODE OF CIVIL PROCEDURE SECTION 425.16**<br><br>**Hearing**:<br>Date:            October 5, 2020<br>Time:.           1:30 p.m.<br>Courtroom: 10A, 10th Floor<br><br>Complaint Filed: July 14, 2020 |

///
///

## I.   <u>INTRODUCTION</u>

Plaintiffs KEVIN ZHANG INC. ("KZI") and KEVIN ZHANG ("Zhang" and collectively with KZI, the "Plaintiffs") filed a Complaint for the sole purpose of punishing and silencing Defendant JOE ROZSA ("Rozsa" or "Defendant") for his speech on a matter of public interest. After Mr. Rozsa properly brought a motion to dismiss pursuant to Rule 12(b)(6) and the California anti-SLAPP statute, Plaintiffs filed an opposition cynically alleging that Mr. Rozsa's speech is solely commercial and therefore not entitled to the protections afforded by the anti-SLAPP statute. Plaintiffs base their "theory" that Mr. Rozsa's speech is commercial upon conclusory allegations made in the Complaint that Mr. Rozsa is a competitor of Plaintiffs.

The conclusory allegations are insufficient to paint Mr. Rozsa's speech as commercial. Plaintiffs, in their Complaint, do not describe Plaintiffs' product, explain what the product is, what it entails, and what it costs. Plaintiffs, in their Complaint, do not describe Mr. Rozsa's alleged product, explain what the product is, what it entails, and what it costs. Plaintiffs in their Complaint do not allege that the communications made by Mr. Rozsa related in any way to Plaintiffs' product nor that the communications by Mr. Rozsa attempted to sell any product belonging to Mr. Rozsa. Plaintiffs, specifically for the purpose of attempting to overcome an anti-SLAPP motion, state in conclusory manner that Rozsa's speech existed solely in the commercial realm.

## II.   <u>MR. ROZSA'S SPEECH DOES NOT FIT WITHIN THE EXCEPTION OF CALIFORNIA CODE OF CIVIL PROCEDURE 425.17</u>

California Legislature enacted California Code of Civil Procedure Section 425.17 in order to stop commercial defendants from bringing anti-SLAPP motions against consumer complaints for false advertising. In *Metcalf v. U-Haul Internat., Inc.* (2004) 118 Cal.App.4th 1261, the Court explained:

///

///

> The Legislature enacted the anti-SLAPP statute to prevent powerful plaintiffs from chilling the rights of defendants to participate in "the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a).) When the Legislature observed that ***commercial defendants*** were invoking the procedural protections of the anti-SLAPP statute by claiming their ***advertising*** impacted the public interest, it found this to be a "disturbing abuse" of the statute. It enacted section 425.17 to correct the abuse, creating classifications of litigants that are rationally related to a legitimate public purpose.

(*Metcalf v. U-Haul Internat., Inc.* (2004) 118 Cal.App.4th 1261, 1267, emphasis added.)

In order for the speech at issue to fall under the commercial exception under Section 425.17(c)  "Plaintiff ***must show*** that Defendant is "primarily engaged in the business of selling or leasing goods or services." <u>Id.</u> § 425.17(c)." (*New.Net, Inc. v. Lavasoft* (C.D.Cal. 2004) 356 F.Supp.2d 1090, 1103.) "Just because Defendant operates a business and sells software products does not mean that Defendant is ***primarily*** engaged in the business of selling goods." (*Id.* at 1103, emphasis added.)

> "[T]he category of commercial speech consists at its core of speech proposing a commercial transaction.'" <u>Kasky v. Nike Inc.</u>, 27 Cal. 4th 939, 956, 119 Cal. Rptr. 2d 296, 45 P.3d 243 (2002). Factors to be considered in that analysis are: (1) whether the statements are in a typical advertising format; (2) whether the statements refer to a commercial product; and (3) whether the defendant had an economic or commercial motivation for making the statements. <u>Bolger v. Youngs Drug Prods. Corp.</u>, 463 U.S. 60, 66-68, 77 L. Ed. 2d 469, 103 S. Ct. 2875 (1983).

(*Id* at 1111.)

///

> Speech is not advertising speech where it does not promote the speaker's
> product for sale or encourage a commercial transaction with the user. Id.

(Id at 1111.)

Plaintiff has failed to allege, in its Complaint and its opposition, much less ***show*** that Mr. Rozsa at any time, or at the time speech at issue in this matter was made, was "primarily engaged in the business of selling or leasing goods or services." (*Id.* at 1103.) Plaintiff does not allege that Mr. Rozsa was advertising and does not allege that Plaintiffs' product was mentioned by Mr. Rozsa. In fact, the Complaint only alleges three quotes to Mr. Rozsa. "Mr. Rozsa is alleged to have said that that Zhang 1) "likes to cheat and lie" (Complaint, 8:11), 2) has "a complete lack of regard for humanity" (Complaint, 8:20), and 3) "deserve[s]" to be "punch[ed] in the fucking face" (Complaint, 8:23). None of the quotes have anything to do with Plaintiffs' alleged product and/or Mr. Rozsa's alleged product. Plaintiffs' conclusory allegations that the matter involves commercial speech is ineffective to deem it so.

> "[A] plaintiff cannot frustrate the purposes of the SLAPP statute through
> a pleading tactic of combining allegations of protected and nonprotected
> activity under the label of one 'cause of action.' " (*Fox Searchlight
> Pictures, Inc. v. Paladino, supra*, 89 Cal.App.4th at p. 308.) Where the
> allegations of constitutionally protected activity are not merely
> "incidental"  to the unprotected conduct, the protections of section 425.16
> are implicated.

(*Scott v. Metabolife Internat., Inc.* (2004) 115 Cal.App.4th 404, 419.)

### III.   PLAINTIFFS' COMPLAINT DOES NOT, AS PLAINTIFFS ALLEGE, ATTRIBUTE NUMEROUS STATEMENTS TO MR. ROZSA

As already referenced in the original Motion, the majority of the alleged statements made by Mr. Rozsa are not quoted verbatim in the Complaint. Plaintiffs place quotation marks around some of the alleged statements and fail to place quotation

marks around the vast majority of the alleged statements. Thus, the only inference that can be made from the Complaint is that Plaintiff alleges that Mr. Rozsa specifically made the statements placed within quotes. The other twenty-four (24) statements credited to Mr. Rozsa in the Complaint are not in fact what Mr. Rozsa is alleged to have said, but what Plaintiffs interpret. (Complaint 7:15 – 7:7:28; 8:1 – 8:24.)

Plaintiffs argue that they need not quote the alleged statements verbatim. Plaintiffs rely upon *Okun v. Supreior Court* (1981) 29 Cal.3d 442, which states that "Less particularity is required when it appears that defendant has superior knowledge of the facts, so long as the pleading gives notice of the issues sufficient to enable preparation of a defense." (*Id* at 458.) The statements allegedly giving rise to Plaintiffs' Complaint are on video. Thus, Plaintiff has the disparity of knowledge. Plaintiff knows exactly what statement(s) allegedly made by Mr. Rozsa in the videos lead Plaintiffs to the unquoted conclusions. Based upon the way the Complaint is arranged, Plaintiffs play hide the ball with the statements allegedly made by Mr. Rozsa, and would seek that Mr. Rozsa review the videos and attempt to distinguish what statements made in the videos relate to the non-quoted statements credited to Mr. Rozsa.

"The general rule is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint. [Citations.]" (*Kahn v. Bower* (1991) 232 Cal.App.3d 1599, 1612, fn. 5.)

## IV. THE MATTER IS AN ISSUE OF PUBLIC INTEREST

As argued in the Motion, Plaintiffs voluntarily chose to enter into a public forum on a matter of public interest, deliberately publicizing and advertising Mr. Zhang's "accomplishments". Plaintiffs' website proudly proclaims that Mr. Zhang is a public figure who has appeared in various well known publications such as Forbes, Yahoo! Finance, MSNBC, and Entrepreneur. Mr. Zhang has a YouTube channel with numerous videos and over 61,000 subscribers. Some videos have over 250,000 views. Plaintiffs in their Complaint state that "Kevin Zhang is a renowned eCommerce and digital marketing businessman and guru" (Complaint 5:14 – 5:15) "Zhang was selected

to give the keynote address at the SEC Entrepreneurship Conference in March 2020, and is the featured eCommerce expert for MentorBox (an education startup featuring successful entrepreneurs and bestselling authors) and 100 Million Academy (an education startup considered to be the "Netflix of entrepreneurship" " (Complaint 5:20 – 5:23) and "Zhang has over 40,000 subscribers on YouTube, over 99,000 followers on Instagram" (Complaint 5:24 – 5:25.) When Mr. Zhang puts his accomplishments, his income, his residence and his personal history out into the public sphere via YouTube and Instagram, public refutations of Mr. Zhang's bosts are foreseeable. Plaintiffs are completely disingenuous when they allege that Mr. Rozsa turned the private public or that Mr. Rozsa drummed up controversy because the Complaint shows the opposite to be true. Mr. Zhang intentionally and with planning made himself and his history and accomplishments a matter of public debate.

In fact, the California Court of Appeal decided on January 21, 2004, that the contention that the internet is not a public forum is a peculiar contention that is difficult to take seriously. <u>Barrett v. Rosenthal</u>, 114 Cal. App. 4th 1379, 9 Cal. Rptr. 3d 142, 2004 Cal. App. LEXIS 76, *15 (2004). The court observed that the internet is a decentralized, global medium of communication that links people, institutions, corporations and governments around the world. <u>Id.</u> (citing <u>ACLU v. Reno</u>, 929 F. Supp. 824, 831 (E.D. Pa. 1996)). Indeed, the U.S. Supreme Court theorized in affirming the <u>Reno</u> decision that the internet:

Provides relatively unlimited, low-cost capacity for communication of all kinds . . . This dynamic, multifaceted [**38] category of communication includes not only traditional print and news services, but also audio, video, and still images, as well as interactive, real-time dialogue. Through the use of chat rooms, any person with a phone line can become a town crier with a voice that resonates farther than it could from any

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT

soapbox. Through the use of web pages, mail exploders, and newsgroups, the same individual can become a pamphleteer.

(*New.Net, Inc. v. Lavasoft* (C.D.Cal. 2004) 356 F.Supp.2d 1090, 1107.)

## V. PLAINTIFFS DO NOT DENY THE AUTHENTICITY OF THE INTERVIEW OF MR. ZHANG CONDUCTED BY KEVIN BRENNER

In the Motion, Defendant included excerpts of a video interview provided by Kevin Zhang to AdLeaks personality, Justin Brenner ("Brenner") where Mr. Zhang publicly states (whether true or false) that he acquired an unlimited credit line belonging to his former employer in order to obtain three hundred thousand dollars ($300,000) to fund his startup business. Mr. Rozsa thereafter formed opinions about how the law might apply to Mr. Zhang's actions as alleged by Mr. Zhang in the *public* interviews he gave. Plaintiffs attempt to sweep the interview under the rug asserting that the interview given by Mr. Zhang and the statements made therein are impermissible hearsay. However, the statement was not provided for the truth, but for the fact that same statement was made  by Mr. Zhang and therefore could justifiably cause Mr. Rozsa to rely on the statement. Moreover, the statements do fall under hearsay exceptions (Rule 804(b)(3)), and if true provide a complete defense. "Truth is a complete defense to defamation." (*Terry v. Davis Cmty. Church*, 131 Cal. App. 4th 1534, 1553 (Cal. Ct. App. 2005)).

## VI. PLAINTIFFS' FIRST CAUSE OF ACTION FOR DEFAMATION FAILS TO STATE A CLAIM

Plaintiffs reliance on the "totality of the circumstances test" is misplaced because the "totality of the circumstances" cannot be tested without knowing what Mr. Rozsa explicitly stated. However, despite the ability to do so, Plaintiffs refuse to quote what Mr. Rozsa explicitly stated in Plaintiffs' Complaint.

"In determining whether a statement is libelous we look to what is *explicitly stated* as well as what insinuation and implication can be reasonably drawn from the communication." (*Forsher v. Bugliosi* (1980) 26 Cal.3d 792, 803, emphasis added.)

"California courts have developed a 'totality of the circumstances' test to determine whether an alleged defamatory statement is one of fact or of opinion. First, *the language of the statement is examined*. For words to be defamatory, they must be understood in a defamatory sense." (*Baker v. L.A. Herald Exam'r* (1986) 42 Cal.3d 254, 260, emphasis added.)

## VII.   PLAINTIFFS' SECOND CAUSE OF ACTION FOR TRADE LIBEL FAILS TO STATE A CLAIM

Under California law, "trade libel is an intentional disparagement of the quality of property, which results in pecuniary damage." <u>Films of Distinction, Inc. v. Allegro Film Prods.</u>, 12 F. Supp. 2d 1068, 1081 (C.D. Cal. 1998). To prove trade libel, Plaintiff must show (1) a statement that (2) was false, (3) disparaging, (4) published to others in writing, (5) induced others not to deal with it, and (6) caused special damages. <u>Atlantic Mut. Ins. Co. v. J. Lamb, Inc.</u>, 100 Cal. App. 4th 1017, 1035, 123 Cal. Rptr. 2d 256 (2002); <u>see also Leonardi v. Shell Oil Co.</u>, 216 Cal. App. 3d 547, 572, 264 Cal. Rptr. 883 (1989) ("A cause of action for damages for trade libel requires pleading and proof of special damages in the form of pecuniary loss.").

(*New.Net, Inc. v. Lavasoft* (C.D.Cal. 2004) 356 F.Supp.2d 1090, 1113.)

Again, nowhere in Plaintiffs Complaint do Plaintiffs allege that Mr. Rozsa made any statements about any product. In their Opposition Plaintiffs argue, in conclusory manner, that Mr. Rozsa made statements about Mr. Zhang and those statements are derogatory to Kevin Zhang Inc.'s products. Plaintiffs' argument, even if believed, falls short of the pleading requirements of trade liable.

## VIII.  PLAINTIFFS' THIRD CAUSE OF ACTION FOR INVASION OF PRIVACY BY FALSE LIGHT FAILS TO STATE A CLAIM

"When a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same

requirements as the defamation cause of action." (*Eisenberg v. Alameda Newspapers* (1999) 74 Cal.App.4th 1359, 1385, fn. 13, internal citations omitted.) "[A] 'false light' cause of action 'is in substance equivalent to . . . [a] libel claim, and should meet the same requirements of the libel claim . . . including proof of malice.' " (*Briscoe v. Reader's Digest Assn.* (1971) 4 Cal.3d 529 543, internal citation omitted.)

## IX.   <u>THE TORTIOUS INTERFERENCE CLAIMS</u>

Five elements must be alleged to support a claim for intentional interference with contractual relations. They are "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." (*Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1126 (PG&E).) Plaintiffs' Complaint does not adequately establish the existence of contracts, the terms of the contracts, the interference upon same contracts, and that Mr. Rozsa had any knowledge of the alleged contracts or the parties involved in the contracts.

A claim for intentional interference with prospective economic advantage must allege "(1) an economic relationship containing the probability of future economic benefit to plaintiff; (2) knowledge by defendant of  the relationship; (3) intentional acts by the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages to plaintiff proximately caused by defendant's acts." (*New.Net, Inc. v. Lavasoft* (C.D.Cal. 2004) 356 F.Supp.2d 1090, 1113-1114.)

"Accordingly, the Plaintiff must establish that the "defendant not only knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." " (*Id* at 1114, citations omitted.)

Additionally, to prove this tort, Plaintiff must establish that it was reasonably probable that economic advantage would have been realized but for Defendant's interference. (*Id* at 1114, citations omitted.)

Finally, because the motive or purpose to disrupt an ongoing business relationship is of central concern to tortious interference cases, a strong showing of such intent is required. (*Id* at 1114, citations omitted.)

Despite conclusory statements otherwise, Plaintiffs fail to plead the prospective contractual relations, the basis for the relations, the parties involved, the interference, and Mr. Rozsa's knowledge of the alleged contracts or the parties involved in the contracts and Mr. Rozsa's intentional acts to disrupt the future economic advantage.

## X.   <u>PLAINTIFFS' SEVENTH CAUSE OF ACTION FOR CIVIL HARASSMENT FAILS DUE TO STATUTORY DEADLINE</u>

Plaintiff intentionally misstates California Code of Civil Procedure 527.6(g). It states "Within 21 days, or, if good cause appears to the court, 25 days from the date that a petition for a temporary order is granted or denied, a hearing shall be held on the petition. If a request for a temporary order is **not made**, the hearing shall be held within 21 days, or, if good cause appears to the court, 25 days, from the date that the petition is filed." (Cal Code Civ Proc § 527.6, emphasis added)

The Complaint (i.e. petition) was filed on July 14, 2020. The Plaintiffs sought both a temporary and permanent restraining order. (Complaint 27:16-27:18.) More than twenty-one days have lapsed and the matter has not come for hearing before the Court. By its own nature, Plaintiffs' cause of action under this section has expired.

## XI.   <u>Plaintiffs' Eighth and Ninth Causes of Action for Aiding and Abetting, and Conspiracy to Commit Breach of Fiduciary Duty Fail to State a Claim</u>

Plaintiffs, in their opposition argue that employees are bound by the fiduciary duty of loyalty.

"Business and Professions Code section 16600 has consistently been interpreted as invalidating any employment agreement that unreasonably interferes with an employee's ability to compete with an employer after his or her employment ends. (See <u>Muggill v. Reuben H. Donnelley Corp.</u>

(1965) 62 Cal.2d 239, 242 [42 Cal. Rptr. 107, 398 P.2d 147].) However, the statute does not affect limitations on an employee's conduct or duties while employed.

(*Techno Lite, Inc. v. Emcod, LLC* (2020) 44 Cal.App.5th 462, 471 [257 Cal.Rptr.3d 643].)

However, the Complaint does not allege that "Consultant" was an employee. The Complaint states:

> 36.   During the relevant time period, Plaintiffs employed DOE Defendant No. 1 *as a consultant* ("Consultant") to perform certain technology-related tasks including post moderation (including responding to student questions on online groups) and to provide student insight reports (including common student hurdles, problem areas and feedback).

Complaint  (11:24 – 11:26.)

" '[B]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." (*Cleveland v. Johnson* (2012) 209 Cal.App.4th 1315, 1338.)

Plaintiff does not allege that Consultant knowingly undertook any fiduciary duties.

## XII.   CONCLUSION

Amendment is futile when "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." (*Bonanno v. Thomas* (9th Cir. 1962) 309 F.2d 320, 322.) Accordingly, Defendant requests that the Complaint be dismissed without leave to amend.

///
///
///
///

1

2

3   Date: September 21, 2020          **LAW OFFICES OF MOSES S. BARDAVID**

4

5

6

7   _____

8   Moses S. Bardavid, Esq.
    Attorney for Defendant
9   JOE ROZSA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2020, I electronically filed the foregoing document entitled REPLY IN SUPPORT OF MOTION TO DISMISS COMPAINT with the Clerk of the Court for the United States District Court, Central District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.


_____

Moses S. Bardavid, Esq.

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT