**PAUL N. SORRELL (BAR NO. 126346)**
psorrell@lavelysinger.com
**MARTIN F. HIRSHLAND (BAR NO. 322629)**
mhirshland@lavelysinger.com
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Plaintiffs KEVIN ZHANG INC.
and KEVIN ZHANG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KEVIN ZHANG INC., a California corporation, and KEVIN ZHANG, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JOE ROZSA aka JOSEPH RICHARD ROZSA aka JAY RICH VEYRON, an individual, and DOES 1-10,<br><br>Defendants. | CASE NO.: 2:20-cv-06247-SVW-AFM<br>[Hon. Stephen V. Wilson]<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) DEFAMATION;**<br>**(2) TRADE LIBEL;**<br>**(3) INVASION OF PRIVACY BY FALSE LIGHT;**<br>**(4) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**<br>**(5) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>**(6) UNFAIR BUSINESS PRACTICES (BUSINESS AND PROFESSIONS CODE SECTIONS 17200 *ET SEQ.*);**<br>**(7) CIVIL HARASSMENT (CODE OF CIVIL PROCEDURE SECTION 527.6);**<br>**(8) AIDING AND ABETTING BREACH OF FIDUCIARY DUTY;**<br>**(9) CONSPIRACY TO COMMIT BREACH OF FIDUCIARY DUTY; AND**<br>**(10) CONSPIRACY TO VIOLATE THE COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. §1030)**<br><br>**[DEMAND FOR JURY TRIAL]** |

1

Plaintiffs Kevin Zhang Inc. and Kevin Zhang (sometimes collectively referred to as "Plaintiffs"), for their First Amended Complaint against Defendants Joe Rozsa aka Joseph Richard Rozsa aka Jay Rich Veyron ("Rozsa"), and Does 1-10 (collectively, "Defendants") hereby allege as follows:

### NATURE OF THIS ACTION

1.      This action is necessitated by a continuing pattern of harassing, unlawful and outrageous bullying by Rozsa, a jealous and bitter "wannabe" business competitor.  Kevin Zhang is a preeminent eCommerce businessman and instructor of well-received educational courses for eCommerce entrepreneurs.  Rozsa is a direct competitor – "in the same space," only less successful.  Rozsa in fact runs his own eCommerce education group and holds his own in-person educational events just as Plaintiffs do, but not as well or successfully.  Obviously infuriated by his own personal and business failures, seeking a convenient scapegoat and at the same time to promote his own fading brand, Rozsa this year – just as he did in a previous well-publicized incident in Columbus, Ohio, for which he ultimately was forced to apologize – lashed out with a false, defamatory, unlawful and highly damaging social media rant and numerous other acts of harassment calculated solely to create personal and professional damage and achieve a competitive advantage.  Rozsa's primary intent is to interfere with Plaintiffs' business opportunities in the desperate hope of propping up his own failing personal brand.

2.      Fueled by extreme jealousy and increasingly desperate to damage businesses of legitimate competitors in a pitiful effort to prop up his struggling personal brand and competing eCommerce education business, Rozsa's all-out social media campaign includes three videos – one of more than an hour long, and another two of approximately 40 minutes – that he recently posted on the internet and in which he personally appears, comprised of numerous false and defamatory statements of and concerning Zhang, and other highly damaging criticisms leveled in an unfounded effort to damage Plaintiffs personally and professionally.  Rozsa's statements, among other things, falsely accuse Zhang of engaging in criminal conduct (including alleged tax fraud) and defrauding, conning and lying to his customers, the government and the general public.  Rozsa also falsely misrepresents and impugns Zhang's business qualifications, associations, lifestyle and

1   practices.  In so doing, Rozsa cites fabricated evidence and investigations that in an effort to prop

2   up his frivolous assertions.  Rozsa has harassed Zhang, his family and business associates and

3   employees directly and through false and highly damaging posts critical of Zhang and his

4   businesses placed on social media platforms including Instagram, Facebook and YouTube.  He has

5   encouraged the public to harass Zhang and to leave false, negative reviews of Plaintiffs and their

6   products and services on social media sites.  He unlawfully contacted business associates and

7   vendors and eCommerce trade groups, publications and podcasts with whom Plaintiffs have

8   associated in an effort to interfere with and damage Plaintiffs' business relationships.  He has

9   encouraged and facilitated disclosure by Plaintiffs' business associates of confidential information

10  in violation of contractual confidentiality commitments and fiduciary duties owed to Plaintiffs.  In

11  sum, Rozsa has engaged in an ongoing, relentless and concerted campaign to bully and harass

12  Plaintiffs by spreading false statements and other highly damaging and derogatory statements in an

13  effort to interfere with Zhang's right to earn a living.

14          3.      This is not the first time Rozsa has engaged in reckless, malicious bullying of his

15  competitors in an attempt to promote his business at others' expense.  The egregious campaign in

16  which he publicly bullied a competitor in Columbus, Ohio by making false claims to ownership of

17  intellectual property rights and baseless accusations against a third party ended with Rozsa making

18  a public apology and enduring the scorn of many in the industry due to his ham-fisted, misguided

19  and highly damaging tactics.

20          4.      Rozsa's intentional conduct designed to damage Plaintiffs has caused and

21  continues to cause significant damage to Zhang and his businesses, and subjects Rozsa to millions

22  of dollars in liability.  Plaintiffs bring this action to obtain appropriate compensation, including

23  substantial compensatory and punitive damages, for losses sustained as a result of Rozsa's

24  unlawful conduct.  In addition, because Rozsa's conduct, if left unchecked, would lead to great and

25  irreparable injury for which money damages would not provide an adequate remedy, Plaintiffs

26  seek a temporary restraining order and preliminary and permanent injunctive relief to prohibit

27  Rozsa from continuing his harassment, unfair business practices, interference with business

28

1  relationships, efforts to encourage breaches of fiduciary duties owed to Plaintiffs by third parties
2  and other wrongful conduct.

3                                        **THE PARTIES**

4       5.      Kevin Zhang is, and at all times relevant to the events alleged herein has been, a
5  citizen of California, conducting business in Los Angeles County.

6       6.      Kevin Zhang Inc. is, and at all times relevant to the events alleged herein has been,
7  a corporation duly organizing and existing under the laws of the State of California, with its
8  principal place of business in Los Angeles County.

9       7.      Plaintiffs are informed and believe and thereon allege that Rozsa is, and at all
10  times relevant to the events alleged herein has been, a citizen of the State of Texas.

11      8.      The true names and capacities of the Defendants sued herein as Does 1 through 10,
12  inclusive, are currently unknown to Plaintiffs, who therefore sues such Defendants by fictitious
13  names.  Plaintiffs will amend this Complaint to allege the true identities of such Doe Defendants
14  when their identities are discovered.  Plaintiffs are informed and believe, and thereon allege, that
15  each such fictitiously named Doe Defendant is responsible in some manner for the events alleged
16  in this Complaint and that Plaintiffs' damages as alleged herein were proximately caused by the
17  conduct of such Doe Defendants, and each of them, and that Defendants in committing the acts
18  and omissions alleged herein acted as agents and servants of one another, acted within the scope of
19  their authority as agents and servants of each other, and/or approved and ratified the acts and/or
20  omissions of each other.

21                               **JURISDICTION AND VENUE**

22      9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.
23  section 1332 because the amount in controversy exceeds $75,000 and the action is between
24  citizens of different States. Additionally, this Court has subject matter jurisdiction over this action
25  pursuant to 28 U.S.C. section 1331 because the Complaint sets forth a claim arising under federal
26  law, and the Court may exercise supplemental jurisdiction over the remaining claims pursuant to
27  28 U.S.C. section 1367(a).

28

K:\ 6809-2\PLE

10.     This Court has personal jurisdiction over Rozsa because he regularly transacts, does and solicits business in this District. Plaintiffs are informed and believe and thereon allege that Rozsa has purposefully availed himself of the protections of California law by, among other things, systematically selling products and services in this State.  Furthermore, Plaintiffs are informed and believe and thereon allege that Rozsa has purposefully directed his activities as to Plaintiffs with full knowledge that Plaintiffs reside and conduct business in California and will suffer the effects of Rozsa's conduct in this State.  Plaintiffs are further informed and believe and thereon allege that Rozsa has knowingly engaged in electronic and telephone communications with individuals in Los Angeles County and elsewhere in Los Angeles to support his wrongful harassment and other wrongful conduct as alleged herein.  This Court, therefore, has jurisdiction over Rozsa to adjudicate the causes of action alleged herein.

11.     Venue is proper in this District pursuant to 28 U.S.C. section 1391(b) because Rozsa is a person over whom this Court has personal jurisdiction and because a substantial part of the claims arose in this District.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.     Kevin Zhang's eCommerce Business

12.     Plaintiff Kevin Zhang is a renowned eCommerce and digital marketing businessman and guru.  Zhang has operated and consulted successful eCommerce businesses and currently owns and administers educational courses for eCommerce entrepreneurs through Plaintiff Kevin Zhang Inc.  Zhang has received worldwide recognition of his expertise in the eCommerce industry and has been featured in numerous media articles and has made multiple presentations to eCommerce conferences and events.

13.     Among other things, Zhang was selected to give the keynote address at the SEC Entrepreneurship Conference in March 2020, and is the featured eCommerce expert for MentorBox (an education startup featuring successful entrepreneurs and bestselling authors) and 100 Million Academy (an education startup considered to be the "Netflix of entrepreneurship").

14.     Zhang has over 40,000 subscribers on YouTube, over 99,000 followers on Instagram, a premium community with Facebook group, and has dozens of students enrolled in his educational course.

**B.     Rozsa Is A Direct Competitor Of Zhang**

15.     Rozsa is a direct competitor of Plaintiffs in the eCommerce industry. He portrays himself as an expert in eCommerce and digital marketing, the same space in which Plaintiffs operate.

16.     Rozsa, through his own eCommerce brand "Launch Commerce," owns and operates a consulting service, a premium community with Facebook group (similar to Plaintiffs) that is $29.99 per month or $299.99 per year, a podcast, a blog, and also an annual conference (live event), for which he charges $1,500 normally but this year is charging $49, called "eCommBash 2020." Further, Rozsa is preparing to launch an educational course, similar to Plaintiffs' educational course, called "Ultimate eCommerce University."

17.     Rozsa operates "Launch Commerce" and his YouTube channel "eCommerce Baller" to promote his own eCommerce education services and tout his years of experience as an expert in the field of eCommerce, in furtherance of his efforts to contrast between the alleged strength of his eCommerce education brand as opposed to the alleged weakness of Zhang's.

**C.     Rozsa's Campaign Of Defamation and Harassment With Intent To Harm Zhang and His Business**

18.     In 2020, Rozsa, a direct competitor and serial harasser of Zhang, made a series of false, derogatory and highly damaging posts on social media outlets regarding Plaintiffs.  These posts were highly derogatory of Zhang and his businesses, including posts on the Instagram and Facebook platforms and other locations on the internet as well as videos posted on YouTube.com.

19.     In one video of over an hour in length posted on YouTube.com and Facebook.com on or about May 14, 2020, entitled "Con Man Kevin Zhang – Fake Guru E Commerce Scam Bustumentary" ("the First Internet Video"), Rozsa personally appears and makes numerous baseless, false, defamatory and highly damaging statements about Plaintiffs.

20.     After posting the First Internet Video, Rozsa distributed that video across multiple large marketing and eCommerce-related listservs, communities comprised of individuals interested in eCommerce and which includes current and potential customers of Plaintiffs' educational course.

21.     On or about May 22, 2020, Rozsa posted on YouTube.com another video relating to Zhang, which is approximately 38 minutes and 53s second in length, and which contains additional baseless, false, defamatory, derogatory and highly damaging attacks against Plaintiffs. Rozsa again personally appeared in this video, which he entitled "Con Man Kevin Zhang – The Fake Guru Follow-Up" ("the "Second Internet Video").

22.     On or about June 6, 2020, Rozsa continued his campaign of defamation and harassment against Plaintiffs by posting a third video on YouTube.com which is entitled "Kevin Zhang and Raoul Benjamin[1] - Scamming and Racist Talk – In Their Own Words" and runs nearly 57 minutes in length ("the Third Internet Video").

23.     The false and defamatory statements made by Rozsa in his social media postings, including in the First, Second and Third Internet Videos, have been viewed by thousands of actual and potential customers of Zhang and his businesses, students and patrons of Plaintiffs' eCommerce education programs, Zhang's business associates, employees and family, and many others.  Indeed, Rozsa has publicly boasted about the number of views and the hours of public viewing time that these videos have received.  Rozsa made statements referring to Zhang in these videos and other postings that include, but are not limited to, the following[2]:

- "Let's call him 'Con Man Kevin Zhang.'"

- "[H]e stole from a company."

- "What Kevin Zhang is doing here is, I will assume he is not educated enough to know this, but what he is doing is committing tax fraud. So uh, yeah, he'll he'll

---

[1] Raoul Benjamin is Zhang's friend and business partner.

[2] Pursuant to the Court's October 20, 2020 Minute Order (Dkt. 22), Zhang is including the verbatim language of the statements made by Rozsa. All pronouns refer to Plaintiffs.

1  probably be hearing about that for too long, because uh it's against the law. That's
2  what Kevin does."

3  • "[W]e're like dude you you're a fraud right. You're a fraud."

4  • "You gotta be confident and love yourself. Even if you're a criminal."

5  • "We know you don't run successful eCommerce businesses."

6  • "Kevin Zhang, none of his businesses are legitimate companies."

7  • "There is not one legitimate business that Kevin Zhang runs."

8  • "If you gonna be a fake guru, you gotta make sure you keep your lies straight."

9  • "I went to his Wabi Sabi Streetwear site and I discovered something for him, so
10  I'm going to let him explain this."

11  • "Again, when you don't actually have the money you claim then you go to
12  LegalZoom.com, because that's what you do when you don't have money, when
13  you live in an apartment, and when you can't afford to trademark your wares."

14  • "[H]ow many people are you ripping off and stealing from? Like that is your only
15  game dude. To lie and cheat and steal. That's all you got."

16  • "[W]hile he's teaching people to be careful of people that steal images—he's the
17  guy stealing the images. So, it's one of those things like, he's basically telling
18  people you gotta be careful of people like me. Cause that's what he does. He's the
19  criminal in this case."

20  • "If you watched the last video, you're watching this video, you probably learned a
21  thing or two about Kevin Zhang. You owe people that are about to be scammed the
22  honest truth about this man, so I do recommend you go to Trust Pilot and leave a
23  review, because as you can see, here are some of the reviews that are already there."

24  • "How are you gonna lie to them and and just keep telling em that you're some good
25  dude, when you are not. You belong in prison dude. And that's what we're going
26  for. That's the only reason we're here. We're not in this to make money, we want to
27  get you justice. We we think you're a stain on the industry and uh we need to get
28  you put away. So yeah, that's that."

- "This is the kinda wisdom that this guy is using to steal $20 Million dollars. It probably wasn't $20 Million dollars, by the way…But I'm just saying he uhh he's lying. He's just, his whole… Everything about the man is based on deceit. You know, he's he's stealing from his uhh, from from McKinsey. He's telling you to lie to customers. Cmon dude. This is uhh, this isn't cool at all."

Plaintiffs are informed and believe and thereon allege that Rozsa has made additional harassing and defamatory statements of and concerning Zhang that will be subject to proof at the time of trial.

24.     Rozsa made false and highly damaging statements of and concerning Plaintiffs on various internet platforms and in the First, Second and Third Internet Videos for the purpose of injuring Plaintiffs personally and professionally and harming Plaintiffs' eCommerce and education businesses in the hopes of obtaining a competitive advantage and directing customers from Plaintiffs to Rozsa.

25.     Plaintiffs are informed and believe and thereon allege that Rozsa earns income from the First, Second and Third Internet Videos, as these videos are monetized through YouTube.

26.     The statements made by Rozsa on social media as alleged above, including in the First, Second and Third Internet Videos were false and defamatory.  Among other things, the true facts are that Plaintiffs have conducted a legitimate and successful eCommerce business.  Zhang did not steal from his employer as stated by Rozsa, is not a fraud and con man, and has not committed tax fraud.  Zhang does not like to cheat and lie, cheating and lying is not all Zhang knows how to do, and Zhang does not operate his businesses on lies and deceit.  Zhang lives in an expensive home in the Hollywood Hills, just as he has publicly stated, and Zhang did not live in and has never lived in the Los Angeles apartment as definitively stated by Rozsa.  Zhang is not and never has been associated with Wabi-Sabi Streetwear.  Plaintiffs did not steal graphic images used on social media sites.  Zhang has not advised and would not advise his followers to violate the law.  Plaintiffs have not refused to fulfill customer orders or abide by return policies.

27.     Plaintiffs are informed and believe and thereon allege that Rozsa has actively sought out and contacted Plaintiffs' students and attempted to convince them to breach their

1   agreements with Plaintiffs, and in some instances to join Rozsa's eCommerce business.  Plaintiffs

2   are further informed and believe and thereon allege that Rozsa has actively sought out and

3   communicated with Plaintiffs' employees and business associates and, in some cases threatened

4   those individuals with various consequences in the event they continued to associate with Plaintiffs

5   or refused to assist Rozsa in his deranged campaign against them, and/or attempted to obtain

6   confidential information from those individuals contrary to their obligations to Plaintiffs in an

7   attempt to further damage Plaintiffs.

8       28.     For example, Rozsa sent harassing messages to Plaintiffs' employee Jake Heid,

9   threatening that the police "would come knocking" and that Heid would "go to jail" unless he

10  breached his non-disclosure/confidentiality agreement and helped Rozsa concoct further false

11  accusations against Plaintiffs.

12      29.     Rozsa published a public message on his Instagram account encouraging

13  Plaintiffs' employees to violate their non-disclosure agreements.  Rozsa characterized these non-

14  disclosure agreements as "some garbage LegalZoom NDA agreement."   He also stated that

15  Plaintiffs would have no legal recourse if employees violated their non-disclosure agreements, and

16  that Plaintiffs' employees should tell Zhang to "go royally [expletive] himself."  Rozsa continually

17  disparaged and actively sought to encourage and facilitate the violation of Plaintiffs' non-

18  disclosure and confidentiality agreements with third parties.

19      30.     Rozsa directly communicated with Plaintiffs' employee Parish Patel, outrageously

20  threatening that "[criminal] investigators could need to talk to [him]" because of his association

21  with Plaintiffs and encouraging him to "make a real difference" by divulging confidential

22  information concerning Plaintiffs' business and violating his non-disclosure agreement with

23  Plaintiffs.

24      31.     Rozsa directly communicated with Money Mag, a publication which was planning

25  on conducting two interview segments with Zhang as well as an Instagram live interview, and

26  encouraged them to cease association with Plaintiffs because of Rozsa's unsubstantiated

27  allegations.  Plaintiffs are informed and believe and thereon allege that as a result of Rozsa's

28  communications, Money Mag cancelled a planned partnership with Plaintiffs.

K:\ 6809-2\PLE

32.     Rozsa directly communicated with TechMoneyTalks, a popular eCommerce-themed podcast, and was aware of Plaintiffs' economic relationship with TechMoneyTalks. Rozsa repeated false allegations about Plaintiffs' business and described Kevin Zhang as a "con artist." At the time of Rozsa's communications with TechMoneyTalks, Plaintiffs had an affiliate agreement with TechMoneyTalks to promote Plaintiffs' business.  As a result of Rozsa's false and damaging characterizations of Plaintiffs' business to TechMoneyTalks, TechMoneyTalks rescinded their agreement with Plaintiffs.

33.     In a further effort to promote his wrongful scheme to injure Plaintiffs, Rozsa has harassed Zhang through threatening and intimidating messages sent to Zhang.  Rozsa has contacted and harassed Plaintiffs' family members, employees and business associates (and their family members) via internet posts, electronic messages and text messages, and posted personal information regarding Zhang and Zhang's family members on social media platforms.  In addition, Rozsa has advised and encouraged the public not to purchase products from Zhang's businesses or take Plaintiffs' eCommerce courses, to seek refunds for products and services purchased from Plaintiffs and to leave false and misleading complaints on social media websites regarding Plaintiffs, including TrustPilot, in an effort to further harass pressure and damage Plaintiffs.  Rozsa has interfered with Plaintiffs' public information status as a part of his harassment campaign, seeking to have Plaintiffs' listings taken down with various platforms including Affiliate World, Entrepreneur, and Medium.  Rozsa has also contacted podcasts on which Zhang has appeared in an attempt to take down Zhang's listings and damage Plaintiffs' media relationships.  Rozsa has affirmatively encouraged harassment of Zhang by third parties as well, including an internet presence that uses the name "Coffeezilla."  Rozsa has organized a campaign to have Zhang removed from the Forbes Business Council.  Rozsa has contacted Zhang's business associates and threatened that if they did not stop associating with Zhang, they would "go to jail."

34.     Rozsa actively encouraged Plaintiffs' employees and other parties to breach their contractual and fiduciary duties to Plaintiffs, going so far as to aid, abet and encourage unauthorized access to, and/or aid, abet and encourage those individuals to exceed the authorized access to Plaintiffs' computers without permission.

35. During the relevant time period, Plaintiffs employed DOE Defendant No. 1 as a consultant ("Consultant") to perform certain technology-related tasks including post moderation (including responding to student questions on online groups) and to provide student insight reports (including common student hurdles, problem areas and feedback).

36. Plaintiffs thereby placed Consultant in a position of trust and confidence and gave Consultant limited access to Plaintiffs' computer systems, internet sites and confidential, sensitive and proprietary business and personal information.

37. Consultant's fiduciary duties to Plaintiffs required that Consultant exercise the highest degree of care, loyalty, good faith and fair dealing both during employment with Plaintiffs and after separation.

38. Despite this highest level of care and fidelity owed to Plaintiffs, Consultant breached the duty of care and loyalty in, among others, each of the following particulars:

- Consultant took the following, unauthorized actions on Zhang's Generation E Facebook Group (the "Group"):
  - posting a disparaging comment about Zhang headed "Kevin Zhang is a liar, thief and far from an ecommerce "expert"";
  - changing the display picture on the Group page to a picture of a clown;
  - deleting lessons and videos from the Group page;
  - deleting member posts, which contained valuable educational material;
  - deleting the link to the Kevin Zhang Inc. main page;
  - removing members (being students of Kevin Zhang Inc.) from the Group;
  - changing the status of the administrators from the Group so that they no longer had administrator access and privileges;
  - attempting to change the administrator access of then Group to try to remove Plaintiffs' control of the page.
- In addition to the above conduct, Consultant made various other disparaging remarks on social media about Plaintiffs.

39.     Plaintiffs are informed and believe and allege thereon that Rozsa directed, aided and abetted, facilitated, supported, encouraged, championed and otherwise assisted Consultant in committing the breaches of fiduciary duty and violation of his confidentiality commitments as described in Paragraph 38 above.  Plaintiffs are further informed and believe and thereon allege that Rozsa has engaged in acts designed to destroy evidence of his involvement in aiding and abetting violations of Plaintiffs' rights with Consultant as described herein.

40.     Plaintiffs are informed and believe and thereon allege that Rozsa's conduct is emblematic of his longstanding pattern of unlawful bullying of business competitors.  Rozsa previously engaged in similar tactics, whereby he sought to bully and harass his business competitors by spreading lies and unfounded threats.  In or about 2010 and 2011, Rozsa disseminated threatening communications and posts on social media platforms claiming that third persons had violated his trademark in the mark "Columbus SEO," although Rozsa in fact had no legal right to that mark.  Rozsa was excoriated publicly as a result of his false statements and bullying tactics and Rozsa ultimately issued a public apology for his actions.  Plaintiffs are informed and believe and thereon allege that Rozsa has engaged in other similar conduct as well, which will be the subject of investigation and discovery as this case proceeds.

## FIRST CLAIM FOR RELIEF

### (For Defamation By Plaintiff Kevin Zhang Against All Defendants)

41.     Plaintiffs incorporate and re-allege each and every allegation set forth in Paragraphs 1 through 40, inclusive, of this Complaint as if fully set forth herein.

42.     The persons to whom Rozsa made comments about Zhang as referenced above, and particularly the statements referenced in Paragraph 23 above, reasonably understood that the statements were made about Zhang.  These persons further reasonably understood Rozsa's words to have the meaning ordinarily ascribed to the words in common English language, meaning among other things that Zhang is a criminal, is dishonest, is unsuccessful in business and lies about it, engages in wrongful, deceitful and illegal business practices, seeks to mislead customers, the public, and governmental authorities, and has made numerous false statements in order to inaccurately depict and promote himself and his businesses.

43.     Rozsa knew the statements were false and/or failed to use reasonable care to determine the truth or falsity of the statements he made, each of which was false at the time it was made.

44.     The statements made by Rozsa, and particularly the statements referenced in Paragraph 23 above, were designed and intended to damage Zhang, and did damage Zhang, with respect to Zhang's property, business, trade, profession, and/or occupation. The statements also directly impute criminal activity to Zhang.  The statements, therefore, are defamatory per se under California law.  Zhang has suffered and is on a daily basis suffering losses directly attributable to Rozsa's defamatory statements.  In addition, the statements made by Rozsa were designed and intended to harm, and did harm, Zhang's reputation and have resulted in shame, mortification or hurt feelings that are fully compensable under California law.  Zhang has incurred as a result of Rozsa's wrongful conduct special and general damages according to proof at trial, which are currently believed to exceed $5 Million.  Zhang brings this action to obtain just compensation for all of the damages caused by Rozsa.

45.     Zhang is informed and believes and thereon alleges that in doing the things alleged herein, Rozsa acted willfully, maliciously, oppressively and despicably, with full knowledge of the adverse effects of his actions on Zhang and with willful, deliberate and conscious disregard of the consequences to Zhang.  As a result of Rozsa's wrongful conduct, Zhang is entitled to an award of exemplary or punitive damages against Rozsa in an amount sufficient to punish and deter Rozsa from engaging in such conduct in the future, the exact amount of which will be subject to proof at trial.

## SECOND CLAIM FOR RELIEF

### (For Trade Libel By All Plaintiffs Against All Defendants)

46.     Plaintiffs incorporate and re-allege each and every allegation set forth in Paragraphs 1 through 40, inclusive, of this Complaint as if fully set forth herein.

47.     The statements made by Rozsa as alleged above, including the statements referenced in Paragraph 23 above, were intended by Rozsa and reasonably understood by the third parties to whom such statements were made to disparage Plaintiffs in connection with their

businesses.  Among other things, the statements were intended to disparage and were understood by the third persons who read or heard the statements to disparage the honesty, standing, fairness and business competency of Plaintiffs as well as the quality of products and services provided by Plaintiffs and Plaintiffs' eCommerce businesses. The statements, therefore, are defamatory per se under California law.

48.      Rozsa's statements as alleged herein including the statements referenced in Paragraph 23 which were made and communicated to numerous persons over social media sites and other sources and venues according to proof, were untrue at the time they were made.  Rozsa knew that these statements were untrue and/or acted with reckless disregard of the truth or falsity of such statements.  Rozsa made his statements with the specific intent to damage Plaintiffs in their trade and business activities, including Plaintiffs' eCommerce education courses, by persuading potential customers not to take Plaintiffs' courses and persuading existing customers to seek refunds and communicate and post on the internet poor reviews concerning Plaintiffs and their products and services.

49.      At the time he made the statements alleged herein, Rozsa knew or should have known that third parties would act in reliance on his statements, causing severe damage to Plaintiffs in their business activities, standing, prospects and reputation.  Third parties did in fact act in reliance on Rozsa's lies and harassing conduct and failed to conduct transactions or cancelled transactions with Plaintiffs and disparaged Plaintiffs by making complaints or posting negative reviews on the internet as a result.

50.      As a direct and proximate result of Rozsa's conduct as alleged herein, Plaintiffs suffered financial harm.  Rozsa's conduct was a substantial factor if not the sole factor in causing such harm.  Rozsa, therefore, is liable to Plaintiffs for trade libel as a result of his conduct as alleged herein.  Plaintiffs have incurred damages as a result of Rozsa's trade libel according to proof at trial, which are currently believed to exceed $5 Million.  Plaintiffs bring this action to obtain just compensation for the damages caused by Rozsa.

51.      Plaintiffs are informed and believe and thereon allege that in doing the things alleged herein, Rozsa acted willfully, maliciously, oppressively and despicably, with full

1  knowledge of the adverse effects of his actions on Plaintiffs and with willful, deliberate and

2  conscious disregard of the consequences to Plaintiffs.  As a result of Rozsa's wrongful conduct,

3  Plaintiffs are entitled to an award of exemplary or punitive damages against Rozsa in an amount

4  sufficient to punish and deter Rozsa from engaging in such conduct in the future, the exact amount

5  of which will be subject to proof at trial.

6                              **THIRD CLAIM FOR RELIEF**

7  **(For Invasion Of Privacy By False Light By Plaintiff Kevin Zhang Against All Defendants)**

8              52.      Plaintiffs incorporate and re-allege each and every allegation set forth in

9  Paragraphs 1 through 40, inclusive, of this Complaint as if fully set forth herein.

10            53.      The statements by Rozsa as alleged herein, including but not limited to the

11  statements referenced in Paragraph 23 above, subject Rozsa to liability for the tort of invasion of

12  privacy by false light, in that Rozsa made unlawful statements and communicated information to

13  third parties that showed Plaintiff Kevin Zhang in an actionable false light as defined by California

14  law.

15            54.      The false light created by Rozsa's wrongful conduct as alleged herein would be

16  highly offensive to a reasonable person in Zhang's position, and was and is in fact highly offensive

17  to Zhang.

18            55.      As alleged hereinabove, Rozsa made and caused to be published the false

19  statements and other communications showing Zhang in an unlawful and improper false light as

20  referenced above, including the dissemination of the statements to third parties via numerous

21  social media platforms, including Instagram, Facebook and YouTube.  Rozsa knew that his

22  statements were false and/or otherwise depicted Zhang in a false light, or published the statements

23  with reckless disregard of their falsity and the false light that Zhang would be placed in as a result

24  thereof.  Zhang is informed and believes and thereon alleges that Rozsa intended to depict and did

25  depict Zhang in a false, fictionalized and sensationalized light in part to benefit him and obtain a

26  competitive advantage by damaging Zhang in various respects, including with respect to Zhang's

27  personal and professional prospects, standing and reputation.

28

56.     There is clear and convincing evidence that Rozsa knew that the publication of his statements were false and would create false impressions about Zhang, or that Rozsa acted with reckless disregard for the truth or falsity of his statements.

57.     As a direct and proximate result of Rozsa's wrongful conduct, Zhang has suffered general and special damages including, but not limited to, damage to his business, profession, reputation, character and property, which will result in losses including loss of earnings and profits in an amount which has yet to be ascertained, but which Zhang is informed and believes is in excess of $5 Million.  In addition, as a further direct and approximate result of Rozsa's wrongful conduct, Zhang suffered compensable shame, mortification, hurt feelings, emotional distress, embarrassment, humiliation and injury to his peace of mind in an amount according to proof at trial.

58.     Zhang is informed and believes and thereon alleges that in doing the things alleged herein, Rozsa acted willfully, maliciously, oppressively and despicably, with full knowledge of the adverse effects of his actions on Zhang and with willful, deliberate and conscious disregard to the consequences to Zhang.  As a result of Rozsa's wrongful conduct, Zhang is entitled to an award of exemplary or punitive damages against Rozsa in an amount sufficient to punish and deter Rozsa from engaging in such conduct in the future, the exact amount of which will be subject to proof at trial.

**FOURTH CLAIM FOR RELIEF**

**(For Intentional Interference With Contractual Relations By All Plaintiffs**

**Against All Defendants)**

59.     Plaintiffs incorporate and re-allege each and every allegation set forth in Paragraphs 1 through 40, inclusive, of this Complaint as if fully set forth herein.

60.     At the time the statements referenced above were made, Rozsa was aware that Plaintiffs had entered into agreements with third parties to fulfill orders for products and services sold by Plaintiffs.  Among other things, Rozsa was aware of valid contractual relations between Plaintiffs and persons contracting to take Plaintiffs' eCommerce entrepreneurship courses. Rozsa was also aware of valid non-disclosure and confidentiality agreements entered into between

Plaintiffs, on the one hand, and employees and consultants of Plaintiffs, on the other hand. Rozsa was also aware of valid contractual relations between Plaintiffs and third party media entities to promote Plaintiffs' products and services. Rozsa made the defamatory statements referenced above and committed other intentional acts with the intent to disrupt the aforementioned contractual relations between Plaintiffs and third parties, including patrons of Plaintiffs' eCommerce entrepreneurship courses, employees and media entities, and thereby hopefully also to promote the prospects of Rozsa's own eCommerce businesses, including his own eCommerce educational programs.

61.     As a direct and proximate result of Rozsa's statements, Plaintiffs' contractual relations with customers of his eCommerce businesses, including students of Plaintiffs' education courses, employees and consultants of Plaintiffs, and media entities were interrupted and damaged, and Plaintiffs suffered significant monetary damages. Among other things, customers and students of Plaintiffs have cancelled orders and courses, failed to make new orders and sign up for courses, and demanded refunds as a result of Rozsa's statements and exhortations. Additionally, employees and consultants of Plaintiffs have breached non-disclosure and confidentiality agreements and media entities have rescinded agreements to promote Plaintiffs' products and services. Bogus reviews and complaints concerning Plaintiffs and their products and services have been made as a result of Rozsa's wrongful conduct, significantly affecting Plaintiffs' business and public business ratings and reviews. Rozsa's conduct was a substantial if not the sole factor in causing substantial harm to Plaintiffs as alleged herein. As a result of Rozsa's intentional interference with Zhang's contractual relationships, Plaintiffs have incurred damages according to proof at trial, which are currently believed to exceed $5 Million.

62.     Plaintiffs are informed and believe and thereon allege that in doing the things alleged herein, Rozsa acted willfully, maliciously, oppressively and despicably, with full knowledge of the adverse effects of his actions on Plaintiffs and with willful, deliberate and conscious disregard of the consequences to Plaintiffs. As a result of Rozsa's wrongful conduct, Plaintiffs are entitled to an award of exemplary or punitive damages against Rozsa in an amount

1 sufficient to punish and deter Rozsa from engaging in such conduct in the future, the exact amount
2 of which will be subject to proof at trial.

3 **FIFTH CLAIM FOR RELIEF**

4 **(For Intentional Interference With Prospective Economic Advantage By All Plaintiffs**
5 **Against All Defendants)**

6     63.    Plaintiffs incorporate and re-allege each and every allegation set forth in
7 Paragraphs 1 through 40, inclusive, of this Complaint as if fully set forth herein.

8     64.    As of 2020, Plaintiffs, on the one hand, and numerous past and present customers
9 of Plaintiffs' eCommerce businesses, including current and potential patrons of Plaintiffs'
10 eCommerce education classes and events, on the other hand, were in economic relationships with
11 Plaintiffs that were likely to result in a future economic benefit to Plaintiffs.

12     65.    Rozsa knew of the economic relationships between Plaintiffs and these third
13 parties, and nevertheless engaged in the intentional and wrongful conduct alleged herein, including
14 the making of the false, defamatory and highly damaging statements regarding Plaintiffs, and
15 active encouragement to members of the public not to do business with Plaintiffs, with the intent to
16 disrupt Plaintiffs' business relationships (and in the hopes of redirecting business toward Rozsa, a
17 direct competitor). Rozsa contacted and harassed Plaintiffs' employees, consultants and business
18 associates via internet posts, electronic messages and text messages, and posted personal
19 information regarding Zhang and Zhang's family members on social media platforms. Rozsa
20 advised and encouraged the public not to purchase products from Zhang's businesses or take
21 Plaintiffs' eCommerce courses, to seek refunds for products and services purchased from Plaintiffs
22 and to leave false and misleading complaints on social media websites regarding Plaintiffs,
23 including TrustPilot, in an effort to further harass pressure and damage Plaintiffs. Rozsa interfered
24 with Plaintiffs' public information status as a part of his harassment campaign, seeking to have
25 Plaintiffs' listings taken down with various platforms including Affiliate World, Entrepreneur, and
26 Medium. Rozsa contacted podcasts on which Zhang has appeared in an attempt to take down
27 Zhang's listings and damage Plaintiffs' media relationships. Rozsa encouraged harassment of
28 Zhang by third parties, including an internet presence that uses the name "Coffeezilla." Rozsa

1   organized a campaign to have Zhang removed from the Forbes Business Council.  At the time

2   Rozsa engaged in this conduct, he was aware that disruption of the economic relationships between

3   Plaintiffs and Plaintiffs' actual and potential business customers and patrons of Plaintiffs'

4   eCommerce educational courses was certain or substantially certain to occur as a result of his

5   actions.

6       66.    As a result of Rozsa's conduct, the economic relationships between Plaintiffs and

7   third parties, including Plaintiffs' customers and students, were severely disrupted and damaged,

8   and Plaintiffs were seriously harmed financially.  Rozsa's conduct was a substantial if not the sole

9   factor in causing this harm.  Plaintiffs have incurred damages as a result of Rozsa's conduct in an

10  amount according to proof at trial, but which are currently believed to exceed $5 Million.

11      67.    Plaintiffs are informed and believe and thereon allege that in doing the things

12  alleged herein, Rozsa acted willfully, maliciously, oppressively and despicably, with full

13  knowledge of the adverse effects of his actions on Plaintiffs and with willful, deliberate and

14  conscious disregard of the consequences of such conduct to Plaintiffs.  As a result of Rozsa's

15  wrongful conduct, Plaintiffs are entitled to an award of exemplary or punitive damages against

16  Rozsa in an amount sufficient to punish and deter Rozsa from engaging in such conduct in the

17  future, the exact amount of which will be subject to proof at trial.

18                          **SIXTH CLAIM FOR RELIEF**

19      **(For Unfair Business Practices Pursuant To Business and Professions Code Sections**

20              **17200 *et seq*. By All Plaintiffs Against All Defendants)**

21      68.    Plaintiffs incorporate and re-allege each and every allegation set forth in

22  Paragraphs 1 through 40, inclusive, of this Complaint as if fully set forth herein.

23      69.    Rozsa published and disseminated defamatory and highly disparaging statements

24  about Plaintiffs and engaged in the other unlawful conduct alleged herein with the intent to deceive

25  the general public, including Plaintiffs' actual and potential customers and patrons of Plaintiffs'

26  educational programs, in order to damage Plaintiffs' businesses and direct business away from

27  Plaintiffs and toward Rozsa and otherwise damage Plaintiffs and their business for Rozsa's

28  pecuniary gain.  Rozsa engaged in such conduct in an effort to unfairly compete with Plaintiffs in a

manner prohibited by law, including Sections 17200 *et seq.* of the California Business and Professions Code.  Such unlawful conduct is a business practice of Rozsa. Rozsa has previously engaged in a pattern and practice of such unfair business practices, including with respect to his false claims and harassing conduct with regard to the "Columbus SEO" mark as alleged above, and other conduct according to investigation and proof at trial. As a result of Rozsa's unlawful business practices, Rozsa has received ill-gotten gains.  Rozsa's conduct therefore constitutes unfair business practices in violation of Sections 17200 *et seq.* of the California Business and Professions Code.

70.     As a direct and proximate result of Rozsa's unfair business practices and violations of Sections 17200 *et seq.* of the California Business and Professions Code, Plaintiffs have suffered and will continue to suffer injuries in fact and lost money.  Plaintiffs are entitled to, among other things, restitution of all monies wrongfully obtained by Rozsa as a result of his conduct, as well as injunctive relief to address and restrict Rozsa's unlawful conduct in violation of the Business and Professions Code.

71.     Plaintiffs are informed and believe and thereon allege that in doing the things alleged herein, Rozsa acted willfully, maliciously, oppressively and despicably, with full knowledge of the adverse effects of his actions on Plaintiffs and with willful, deliberate and conscious disregard of the consequences to Plaintiffs.

72.     Plaintiffs seek restitution of monies wrongfully obtained and a temporary restraining order and preliminary and permanent injunctive relief against any further violation of Sections 17200 *et seq.* of the California Business and Professions Code, including, but not limited to, a restraining order and preliminary and permanent injunctive relief preventing Rozsa from further exhibiting, publishing or disseminating the First Internet Video and the Second Internet Video as well as other false, defamatory or disparaging statements about Plaintiffs that are determined to be unprotected by the First Amendment to the U.S. Constitution, in addition to engaging in further unfair business practices prohibited by law.

**SEVENTH CLAIM FOR RELIEF**

**(For Civil Harassment [Code Of Civil Procedure Section 527.6]**

**By Plaintiff Kevin Zhang Against All Defendants)**

73.     Plaintiffs incorporate and re-allege each and every allegation set forth in Paragraphs 1 through 40, inclusive, of this Complaint as if fully set forth herein.

74.     Rozsa engaged in a knowing and willful course of conduct directed at Zhang that would cause a reasonable person in Zhang's position to be seriously alarmed, annoyed and harassed.  Such conduct in fact seriously alarmed, annoyed and harassed Zhang and continues to alarm, annoy and harass him on a daily basis.  Rozsa's conduct serves no legitimate or lawful purpose whatsoever.

75.     The course of conduct in which Rozsa is engaging would cause a reasonable person to suffer substantial emotional distress, and such conduct has in fact caused substantial emotional distress to Zhang.

76.     Based on Rozsa's conduct, Zhang is entitled to a temporary restraining order and a permanent order according to proof prohibiting Rozsa's conduct pursuant to California Code of Civil Procedure Section 527.6.

77.     C.C.P. Section 527.6(s) expressly provides that Zhang is entitled to recover all attorneys' fees and costs incurred in bringing this action against Rozsa.  Zhang seeks recovery of all attorneys' fees and costs incurred by him in this action as a result of Rozsa's wrongful conduct.

**EIGHTH CLAIM FOR RELIEF**

**(For Aiding and Abetting Breach of Fiduciary Duty**

**By All Plaintiffs Against All Defendants)**

78.     Plaintiffs incorporate and re-allege each and every allegation set forth in Paragraphs 1 through 40, inclusive, of this Complaint as if fully set forth herein.

79.     Various individuals, including Consultant as identified in Paragraph 35 above and other employees of Plaintiffs, owed fiduciary duties to Plaintiffs established by law and/or their agreements with Plaintiffs.

80.     Rozsa had actual knowledge of the fiduciary duties owed to Plaintiffs.

81.     Rozsa substantially assisted, encouraged, and aided and abetted breaches of Consultant's fiduciary duties by motivating Consultant to do so, on information and belief, by threatening Consultant with criminal prosecution and, also on information and belief, on promises of financial rewards.

82.     As a direct and proximate cause of Consultant's fiduciary breaches and Rozsa's involvement in those breaches, Rozsa has obtained ill-gotten gains and Plaintiffs have suffered and will suffer ongoing financial losses in an amount to be determined at trial.

83.     Plaintiffs are informed and believe and thereon allege that in doing the things alleged herein, Rozsa acted willfully, maliciously, oppressively and despicably, with full knowledge of the adverse effects of his actions on Plaintiffs and with willful, deliberate and conscious disregard of the consequences to Plaintiffs.  As a result of Rozsa's wrongful conduct, Plaintiffs are entitled to an award of exemplary or punitive damages against Rozsa in an amount sufficient to punish and deter Rozsa from engaging in such conduct in the future, the exact amount of which will be subject to proof at trial.

## NINTH CLAIM FOR RELIEF

### (For Conspiracy to Commit Breach of Fiduciary Duty
### By All Plaintiffs Against All Defendants)

84.     Plaintiffs incorporate and re-allege each and every allegation set forth in Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

85.     As alleged, Rozsa considers himself a competitor to Plaintiffs and in fact is a business competitor.  In an effort to damage Plaintiffs' business and reputation and thereby advance his own business, Rozsa and Consultant formed a common plan and entered into an agreement to damage and destroy Plaintiffs' business and inflict financial and personal harm on Plaintiffs.

86.     In furtherance of this common scheme or conspiracy, Rozsa directed Consultant to commit the wrongful acts described in Paragraph 38 above.  Prior to and during the common scheme or conspiracy, Rozsa and Consultant knew their conduct was wrongful.

87. As a direct and proximate cause of the conspiracy committed by Consultant and Rozsa, Plaintiffs have suffered and will suffer ongoing financial losses in an amount which can only be determined based upon a trial of Consultant's breaches of his fiduciary duties.

88. Plaintiffs are informed and believe and thereon allege that in doing the things alleged herein, Rozsa acted willfully, maliciously, oppressively and despicably, with full knowledge of the adverse effects of his actions on Plaintiffs and with willful, deliberate and conscious disregard of the consequences to Plaintiffs. As a result of Rozsa's wrongful conduct, Plaintiffs are entitled to an award of exemplary or punitive damages against Rozsa in an amount sufficient to punish and deter Rozsa from engaging in such conduct in the future, the exact amount of which will be subject to proof at trial.

## TENTH CLAIM FOR RELIEF

**(For Conspiracy to Violate 18 U.S.C. §1030(a)(5)(B): Computer Fraud and Abuse Act By All Plaintiffs Against All Defendants)**

89. Plaintiffs incorporate and re-allege each and every allegation set forth in Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

90. As alleged, Rozsa considers himself a competitor to Plaintiffs and in fact is a business competitor. In an effort to damage Plaintiffs' business and reputation and thereby advance his own business, Rozsa and Consultant formed a common plan and entered into an agreement to destroy Plaintiffs' business and inflict financial and personal harm on them.

91. In furtherance of this common scheme or conspiracy, Rozsa encouraged and directed Consultant to intentionally access a protected computer without authorization in order to damage Plaintiffs by altering the information on the Generation E Facebook Group as set forth in Paragraph 38, *supra* in order to defraud and mislead Plaintiffs' customers, potential customers and students in violation of 18 U.S.C. section 1030(a)(5)(B).

92. Rozsa and Consultant knowingly exceeded Consultant's authorized access because they altered the information on the Group website and thereby created false information on the website with the intent to harm Plaintiffs' business and reputation.

93.     In so doing, Consultant and Rozsa thereby furthered their wrongful scheme and the resulting damage to Plaintiffs.

94.     As a direct and proximate cause of the conspiracy in which Consultant and Rozsa engaged to violate 18 U.S.C. section 1030, Plaintiffs have suffered and will suffer ongoing financial losses in an amount in excess of $5,000 but which can only be determined based upon a trial of Consultant's breaches of his fiduciary duties.

95.     In addition to all equitable and compensatory remedies that should be awarded to Plaintiffs based on the violations of 18 U.S.C. section 1030, Plaintiffs are informed and believe and thereon allege that in doing the things alleged herein, Rozsa acted willfully, maliciously, oppressively and despicably, with full knowledge of the adverse effects of his actions on Plaintiffs and with willful, deliberate and conscious disregard of the consequences to Plaintiffs.  As a result of Rozsa's wrongful conduct, Plaintiffs are entitled to an award of exemplary or punitive damages against Rozsa in an amount sufficient to punish and deter Rozsa from engaging in such conduct in the future, the exact amount of which will be subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request relief on the causes of action alleged in this Complaint as follows:

**As to the First Claim for Relief:**

1.     Compensatory damages, including general and special damages in an amount according to proof at trial, which are currently believed to be in an amount not less than $5 Million;

2.     Exemplary or punitive damages in an amount sufficient to punish and deter Rozsa, the exact amount of which shall be determined according to proof at trial;

3.     A temporary restraining order and preliminary and permanent injunctive relief prohibiting Rozsa from further exhibiting, displaying, disseminating or maintaining the First, Second and Third Internet Videos and making other defamatory social media posts or communications of and concerning Zhang and his businesses, and to cease and desist from such further publications in the future, or otherwise according to proof at trial;

**As to the Second Claim for Relief:**

4.      Compensatory damages in an amount according to proof at trial, which are currently believed to be in an amount not less than $5 Million;

5.      Exemplary or punitive damages in an amount sufficient to punish and deter Rozsa, the exact amount of which shall be determined according to proof at trial;

6.      A temporary restraining order and preliminary and permanent injunctive relief prohibiting Rozsa from further exhibiting, displaying, disseminating or maintaining the First, Second and Third Internet Videos and engaging in other communications or conduct deemed to be trade libelous according to proof at trial;

**As to the Third Claim for Relief:**

7.      Compensatory damages, including general and special damages in an amount according to proof at trial, which are currently believed to be in an amount not less than $5 Million;

8.      Exemplary or punitive damages in an amount sufficient to punish and deter Rozsa, the exact amount of which shall be determined according to proof at trial;

9.      A temporary restraining order and preliminary and permanent injunctive relief prohibiting Rozsa from further exhibiting, displaying, disseminating or maintaining the First, Second and Third Internet Videos and making other unlawful social media posts or communications of and concerning Zhang and his businesses that impermissibly reflect Zhang in a false light, according to proof at trial;

**As to the Fourth Claim for Relief:**

10.      Compensatory damages in an amount according to proof at trial, which are currently believed to be in an amount not less than $5 Million;

11.      Exemplary or punitive damages in an amount sufficient to punish and deter Rozsa, the exact amount of which shall be determined according to proof at trial;

12.      A temporary restraining order and preliminary and permanent injunctive relief prohibiting Rozsa from further exhibiting, displaying, disseminating or maintaining the First, Second and Third Internet Videos and making other unlawful social media posts or

communications of and concerning Plaintiffs, and to cease and desist from such further publications in the future, or otherwise according to proof at trial;

**As to the Fifth Claim for Relief:**

13.    Compensatory damages in an amount according to proof at trial, which are currently believed to be in an amount not less than $5 Million;

14.    Exemplary or punitive damages in an amount sufficient to punish and deter Rozsa, the exact amount of which shall be determined according to proof at trial;

15.    A temporary restraining order and preliminary and permanent injunctive relief prohibiting Rozsa from further exhibiting, displaying, disseminating or maintaining the First, Second and Third Internet Videos and making other unlawful social media posts or communications of and concerning Plaintiffs, and to cease and desist from such further publications in the future, or otherwise according to proof at trial;

**As to the Sixth Claim for Relief:**

16.    Restitution of monies wrongfully obtained by Rozsa as a result of conduct in violation of the California Business and Professions Code and any other amounts recoverable pursuant to the California unfair business practices law;

17.    A temporary restraining order and preliminary and permanent injunctive relief against further violations of Sections 17200 *et seq.* of the California Business and Professions Code, including, but not limited to, a permanent injunction preventing Rozsa from further exhibiting, displaying, disseminating or maintaining the First, Second and Third Internet Videos and making any false, defamatory or disparaging statements about Zhang or his businesses which are in violation of the California Business and Professions Code and determined to be unprotected by the First Amendment to the U.S. Constitution;

**As to the Seventh Claim for Relief:**

18.    A temporary restraining order and a permanent order according to proof pursuant to Code of Civil Procedure Section 527.6 and other applicable law prohibiting Rozsa from engaging in further unlawful harassment of Zhang;

19.    Attorneys' fees and costs pursuant to Code of Civil Procedure Section 527.6(s);

**As to the Eighth Claim for Relief:**

20.    Compensatory damages in an amount according to proof at trial, which are currently believed to be in an amount not less than $5 Million;

21.    Exemplary or punitive damages in an amount sufficient to punish and deter Rozsa, the exact amount of which shall be determined according to proof at trial;

**As to the Ninth Claim for Relief:**

22.    Compensatory damages in an amount according to proof at trial, which are currently believed to be in an amount not less than $5 Million;

23.    Exemplary or punitive damages in an amount sufficient to punish and deter Rozsa, the exact amount of which shall be determined according to proof at trial;

**As to the Tenth Claim for Relief:**

24.    Compensatory damages in an amount according to proof at trial, which are currently believed to be in an amount not less than $5 Million;

25.    Exemplary or punitive damages in an amount sufficient to punish and deter Rozsa, the exact amount of which shall be determined according to proof at trial;

**As to All Claims for Relief:**

26.    Costs of suit incurred herein;

27.    Attorneys' fees and costs to the extent permitted by law;

28.    Interest at the maximum legal rate; and

29.    Such other and further relief as the Court may deem just and proper.

DATE:  November 3, 2020                    LAVELY & SINGER
                                           PROFESSIONAL CORPORATION
                                           PAUL N. SORRELL
                                           MARTIN F. HIRSHLAND


                                           By:   */s/ Paul N. Sorrell*
                                               PAUL N. SORRELL
                                           Attorneys for Plaintiffs KEVIN ZHANG INC. and
                                           KEVIN ZHANG

## REQUEST FOR JURY TRIAL

Plaintiffs demand trial by jury to the extent permitted by law.

DATE:  November 3, 2020

LAVELY & SINGER
PROFESSIONAL CORPORATION
PAUL N. SORRELL
MARTIN F. HIRSHLAND


By:   */s/ Paul N. Sorrell*
PAUL N. SORRELL
Attorneys for Plaintiffs KEVIN ZHANG INC. and
KEVIN ZHANG