UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6247-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Kevin Zhang Inc. and Kevin Zhang v. Joe Rozsa* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS [24].

## I.   Introduction

Plaintiffs Kevin Zhang Inc. ("KZI") and Kevin Zhang ("Zhang") (collectively "Plaintiffs") filed this lawsuit against Defendant Joe Rozsa ("Rozsa") on July 14, 2020.   Plaintiffs assert a variety of claims related to allegedly defamatory statements made by Rozsa.

Before the Court is Rozsa's motion to strike pursuant to California's Anti-SLAPP statute and Rozsa's motion to dismiss each cause of action for failure to state a claim.   For the below reasons, Rozsa's motions are DENIED.

## II.   Factual and Procedural Background

Zhang is a California citizen who owns KZI, a California corporation.   First Amended Complaint ("FAC") at ¶¶ 5–6, 12.   Zhang alleges that he is a "renowned eCommerce and digital marketing businessman and guru."   *Id.* at ¶ 12.   KZI administers educational courses for eCommerce entrepreneurs.   *Id.*

Rozsa is a Texas resident who competes with Plaintiffs in the eCommerce industry.   *Id.* at ¶ 15.   Rozsa owns his own eCommerce brand called "Launch Commerce."   *Id.* at ¶ 16.   Rozsa also operates an eCommerce consulting business and hosts annual eCommerce conferences.   *Id.*

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6247-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Kevin Zhang Inc. and Kevin Zhang v. Joe Rozsa* | | |

Plaintiffs allege that Rozsa made "a series of false, derogatory and highly damaging posts on social media outlets regarding Plaintiffs."  *Id.* at ¶ 18.  Specifically, Rozsa posted three videos on YouTube that total over two and a half hours and circulated these videos across digital communities focused on eCommerce.  *Id.* at ¶¶ 19–22.  Plaintiffs identify approximately fifteen allegedly defamatory statements made by Rozsa.  *Id.* at ¶ 23.  Plaintiffs allege that the videos have been viewed by thousands of Plaintiffs' actual and potential customers, business associates, employees, and family.  *Id.*

Plaintiffs further assert that Rozsa directed one of Plaintiffs' consultants to breach a fiduciary duty owed to Plaintiffs by posting a number of disparaging statements on Plaintiffs' Facebook page and otherwise disparaging the utility of Plaintiffs' Facebook page.[1]  *Id.* at ¶¶ 35–38.

Plaintiffs also make a number of other allegations, including that Rozsa sought out and contacted Plaintiffs' students and attempted to convince them to breach their agreements; Rozsa sent harassing messages to Plaintiffs' employees that threatened violence unless the employees breached their non-disclosure agreements; Rozsa interfered with economic relationships between Plaintiffs and third-parties; and Rozsa contacted and harassed Zhang' family members.  *Id.* at ¶¶ 27–34.

Plaintiffs filed the instant lawsuit on July 14, 2020.  Dkt. 1.  Plaintiffs asserted claims for defamation, trade libel, invasion of privacy by false light, intentional interference with contractual relations, and a variety of related claims.  *See generally id.*  Plaintiffs served Rozsa on July 23, 2020.  Dkt. 10.

After the Court ordered Zhang to file an amended complaint identifying the verbatim statements made by Rozsa, *see* Dkt. 22, Rozsa filed a renewed motion to dismiss and motion to strike pursuant to California's Anti-SLAPP statute, Dkt. 24.

---

[1] Plaintiffs also assert claims against the consultant, but those claims are not at issue in this order.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-6247-SVW | Date | January 27, 2021 |
| Title | *Kevin Zhang Inc. and Kevin Zhang v. Joe Rozsa* | | |

**III.     Rozsa's Request for Judicial Notice.**

Rozsa asks this Court to take judicial notice of certain websites, interviews, and videos in order to evaluate Rozsa's motions.  Dkt. 25.  In doing so, Rozsa suggests that he is merely asking this Court to take judicial notice of the fact that the websites, interviews, and videos exists, not that the contents of those websites, interviews, and videos are true.  *See, e.g.*, *id.* at 1 ("Defendant requests that this [C]ourt take Judicial Notice of the following: 1. The webpage and the contents contained therein, not for the truth of the matter but for the fact that it exists.").

Yet, Rozsa proceeds to extensively quote the contents of those websites, interviews, and videos throughout his motions.  *See, e.g.*, Mot. at 9–12.  This Court cannot rely on the quoted language to evaluate Rozsa's motions.  *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) ("[E]vidence outside the pleadings . . . cannot normally be considered in deciding a 12(b)(6) motion."); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.").

Accordingly, this Court declines Rozsa's request for judicial notice and will not rely on the exhibits provided by Rozsa in evaluating his motions.

**IV.     Rozsa's Motion to Strike Pursuant to California's Anti-SLAPP Statute**

    **A.     Legal Standard**

California has a statute designed to discourage "strategic lawsuits against public participation" ("SLAPPs").  The Ninth Circuit has explained that SLAPPs "masquerade as ordinary lawsuits but are brought to deter common citizens from exercising their political or legal rights or to punish them for doing so."  *Hilton v. Hallmark Cards*, 599 F.3d 894, 902 (9th Cir. 2010).  California's anti-SLAPP statute is codified under Cal. Civ. Proc. Code § 425.16(a).

Under the statute, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California

                                                                                                                                     :

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6247-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Kevin Zhang Inc. and Kevin Zhang v. Joe Rozsa* | | |

Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."   Cal. Civ. Proc. Code § 425.16(a).

In the Ninth Circuit, courts evaluate anti-SLAPP motions in two steps.   "The defendant must first make a prima facie showing that the plaintiff's suit arises from an act by the defendant made in connection with a public issue in furtherance of the defendant's right to free speech under the United States or California Constitution."   *Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016) (internal quotations omitted).   Second, if the defendant meets their burden, the plaintiff must demonstrate that their complaint is nevertheless "legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."   *Hilton*, 599 F.3d at 903.

B.   Analysis

Rozsa argues that his statements concerned an issue of public interest because members of the public commented on the videos and Plaintiffs publish posts on a variety of social media platforms about Zhang's accomplishments.   Mot. at 8.   Rozsa also argues that his statements constitute "consumer protection information" that is protected by the anti-SLAPP statute.   *Id.*

The Court finds that Rozsa failed to make a prima facie showing that his acts and statements were made in connection with a public issue.   California case law identifies three categories of public issues: (1) statements concerning a person or entity in the public eye; (2) conduct that could directly affect a large number of people beyond the direct participants; or (3) or a topic of widespread, public interest.   *See Sarver*, 813 F.3d at 901 (citing *Hilton*, 599 F.3d at 906 (quoting *Rivero v. Am. Fed'n of State, Cnty., & Mun. Emps.*, 105 Cal.App.4th 913, 924 (Cal. Ct. App. 2003))).

Here, Rozsa's statements do not fall into any of the three categories of public issues identified above.   First, Zhang and KZI are not a person or entity, respectively, "in the public eye."   *Sarver,* 813 F.3d at 901.   As noted in *Rivero*, individuals satisfying that definition are typically "nationally known figure[s]" with "extensive media coverage" or "participant[s] in a television show of significant interest to the public and the media."   105 Cal.App.4th at 924.   Neither Zhang nor KZI meets those definitions.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6247-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Kevin Zhang Inc. and Kevin Zhang v. Joe Rozsa* | | |

Second, Rozsa's statements and the disputes between Rozsa and Plaintiffs do not directly affect a large number of people. The cases cited by *Rivero* as exemplary under this prong involved comments related to the governance of a homeowner's association with thousands of members, *see Damon v. Ocean Hills Journalism Club*, 85 Cal.App.4th 468, 479 (Cal. Ct. App. 2000), statements about allegedly unsafe conditions in a townhouse complex, *see Dowling v. Zimmerman*, 85 Cal.App.4th 1400, 1420 (Cal. Ct. App. 2001), and statements regarding a proposed shopping mall development that would lead to increased traffic and environmental issues, *see Ludwig v. Superior Court,* 37 Cal.App.4th 8, 15 (Cal. Ct. App. 1995). In each of these cases, the statements involved an issue that had a *direct* effect on individuals beyond the participants in the dispute—*e.g.*, community safety, increased traffic in the area, or the ability to participate in the self-governance of a homeowner's association. Here, no such direct impact exists. Rather, any effect on individuals beyond the participants in the dispute here is, at best, tenuous.

Finally, Rozsa's statements do not relate to a topic of widespread public interest. Although this prong is broadly construed, it is not a catch-all covering statements made in private disputes. Rather, "there should be some degree of closeness between the challenged statements and the asserted public interest." *Sarver*, 813 F.3d at 902 (citing *Weinberg v. Feisel*, 110 Cal.App.4th 1122, 1132 (Cal. Ct. App. 2003). Here, Rozsa argues that his statements relate to the public interest because members of the public commented on the videos, other individuals make videos about Zhang, and the videos were posted on YouTube.

However, "[a] person cannot turn otherwise private information into a matter of public interest simply by communicating it to a large number of people." *Weinberg*, 110 Cal.App.4th at 1133. Moreover, "those charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure." *See id.* Yet, that is precisely what Zhang alleges occurred here. Indeed, Rozsa does not argue that there already existed a controversy about Plaintiff's eCommerce business and whether Zhang was honest about his business background. Rather, Rozsa seemingly triggered this dispute and made the videos to "gather ammunition for another round of private controversy." *See id.*; *see also Du Charme v. Int'l Bhd. of Elec. Workers*, 110 Cal App.4th 107, 119 (Cal. Ct. App. 2003) (noting that public policy underlying anti-SLAPP statute of encouraging participation in matters of public controversy only implicated where constitutionally protected activity occurs "in the context of an ongoing controversy").

|  | : |
|---|---|
| Initials of Preparer | PMC |

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6247-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Kevin Zhang Inc. and Kevin Zhang v. Joe Rozsa* | | |

    The Court also rejects Rozsa's next argument, *i.e.*, that his statements are in the public interest because they constitute "consumer protection information." It is true that "statements warning consumers of fraudulent or deceptive business practices constitute a topic of widespread public interest." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 262 (9th Cir. 2013). However, as demonstrated by the cases cited by Rozsa, Rozsa's statements do not constitute the type of helpful warnings to consumers typically protected by the anti-SLAPP statute. For example, in *Makaeff*, the statements protected by the anti-SLAPP statute were included in a letter that a consumer sent to her bank and the Better Business Bureau regarding allegedly fraudulent practices by a business. *Id.* at 263. In *Wilbanks v. Wolk*, a former insurance agent who billed herself as a "consumer watchdog" in the area of viatical settlements made statements on her website warning consumers that a viatical settlement broker was under investigation. 121 Cal.App.4th 883, 890 (Cal. Ct. App. 2004). And in *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, all of the allegedly defamatory statements were made on consumer-report websites. *See* 946 F. Supp. 2d 957, 965 (N.D. Cal. 2013), *aff'd*, 609 F. App'x 497 (9th Cir. 2015).

    Here, by contrast, Rozsa made all of his statements on YouTube videos. At no point did he publish the statements on a consumer watchdog website or to a consumer protection bureau. And although some of the allegedly defamatory statements could plausibly be interpreted as having been made "in the context of information helpful to consumers," *Makaeff*, 715 F.3d at 262, it is equally plausible that the statements were primarily made as personal attacks against Zhang's business reputation and background, *see Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008) (courts assessing motion to dismiss must draw all reasonable inferences from factual allegations in favor of plaintiff). This conclusion is bolstered by Rozsa's alleged statements that Zhang "is not educated enough" to know he is committing tax fraud, "lie[s] and cheat[s] and steal[s]," "[doesn't] have money," "live[s] in an apartment," and that everything about Zhang "is based on deceit." *See* FAC at ¶ 23.

    The Court finds that Rozsa's statements did not concern a person or entity in the public eye, directly affect a large number of people beyond the direct participants, or relate to a topic of widespread, public interest. Accordingly, Rozsa's statements are not protected by the anti-SLAPP statute. *See Sarver*, 813 F.3d at 901.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6247-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Kevin Zhang Inc. and Kevin Zhang v. Joe Rozsa* | | |

Because Rozsa fails to satisfy his burden at the first step of the anti-SLAPP inquiry, the Court need not address Plaintiff's burden at the second step or Plaintiff's arguments regarding the commercial speech and criminal conduct exceptions to the anti-SLAPP statute.

**V.      Rozsa's Motion to Dismiss for Failure to State a Claim**

    **A.      Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint.  *See* Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."  *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).  Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.  When evaluating the sufficiency of a pleading under Fed. R. Civ. P. 12(b)(6), a court may consider only the allegations in the complaint and any attachments or documents incorporated by reference.  *Koala v. Khosla*, 931 F.3d 887, 894 (9th Cir. 2019); *see also United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

    **B.      Analysis**

Plaintiffs assert ten claims against Rozsa.  *See* FAC at ¶¶ 41–95.  Rozsa challenges the sufficiency of Plaintiffs' factual allegations for each claim.  Mot. at 19–30.  The Court will address

                                                                                                                                                                            :

Initials of Preparer              
                    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-6247-SVW | Date | January 27, 2021 |
| Title | Kevin Zhang Inc. and Kevin Zhang v. Joe Rozsa | | |

Zhang's defamation claim and will then turn to Plaintiffs' remaining claims.

    *1. Zhang's Defamation Claim is Supported by Sufficient Factual Allegations.*

    Under California law, the elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage. *Wong v. Jing*, 189 Cal.App.4th 1354, 1369 (Cal. Ct. App. 2010).

    Rozsa makes two arguments in support of his motion to dismiss Zhang's defamation claim. First, Rozsa argues that his statements were based upon indisputably true facts. Mot. at 20–21. Second, Rozsa argues that Zhang's defamation claim "targets expression that is the type of classic hyperbole and opinion that is absolutely privileged under the First Amendment." *Id.* at 20.

    Rozsa's first argument can be dispensed with briefly. That argument relies entirely on the contents of the exhibits attached to Rozsa's 12(b)(6) motion. *See id.* at 20–21. However, as noted above, this Court will not rely on those exhibits in evaluating Rozsa's 12(b)(6) motion. *See supra* at 3. Rather, this Court must accept as true all well-pleaded factual allegations in Zhang's FAC. *Iqbal*, 556 U.S. at 679. Zhang alleges with specificity that each statement by Rozsa is false. FAC at ¶ 26. In light of those allegations, the Court cannot conclude that Rozsa's statements were based upon indisputably true facts.

    The Court also rejects Rozsa's second argument. Although pure expressions of opinion are not actionable, "[t]hat does not mean that statements of opinion enjoy blanket protection. To the contrary, where an expression of opinion implies a false assertion of fact, the opinion can constitute actionable defamation." *GetFugu, Inc. v. Patton Boggs LLP*, 220 Cal.App.4th 141, 156 (Cal. Ct. App. 2013) (internal citations omitted).

    The issue of whether challenged statements convey the requisite factual imputation is a question of law for the court. *Seelig v. Infinity Broadcasting Corp.*, 97 Cal.App.4th 798, 809 (Cal. Ct. App. 2002). When ascertaining whether the statements in question are provably false factual assertions, courts consider the totality of circumstances. *Id.* "The critical question is not whether a statement is fact or opinion, but whether a reasonable fact finder could conclude the published statement declares or

| | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6247-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Kevin Zhang Inc. and Kevin Zhang v. Joe Rozsa* | | |

implies a provably false assertion of fact." *GetFugu*, 220 Cal.App.4th at 156 (internal citations and quotations omitted).

Here, Zhang alleges that Rozsa slandered him when Rozsa made certain statements including, but not limited to, the following:

- "[Zhang] stole from a company."

- "What Kevin Zhang is doing here is, I will assume he is not educated enough to know this, but what he is doing is committing tax fraud.

- "[H]ow many people are you ripping off and stealing from? Like that is your only game dude. To lie and cheat and steal. That's all you got."

- "This is the kinda wisdom that this guy is using to steal $20 Million dollars. It probably wasn't $20 Million dollars, by the way…But I'm just saying he uhh he's lying. He's just, his whole… Everything about the man is based on deceit. You know, he's he's stealing from hi uhh, from from McKinsey. He's telling you to lie to customers.

FAC at ¶ 23.

The Court finds that these statements imply assertions of fact.  The statements were made across three different videos, each of which were made to highlight fraudulent business practices that Zhang allegedly engages in.  *See id.* at ¶¶ 18–22.  The videos are titled "Con Man Kevin Zhang – Fake Guru E Commerce Scam Bustumentary," "Con Man Kevin Zhang – The Fake Guru Follow-Up," and "Kevin Zhang and Raoul Benjamin[2] - Scamming and Racist Talk – In Their Own Words."  The FAC further alleges that Rozsa distributed at least one of the videos across "multiple large marketing and eCommerce-related listservs, communities comprised of individuals interested in eCommerce and which includes current and potential customers of [Zhang's] educational course."  *Id.* at ¶ 20; *see also Bently*

---

[2] Zhang alleges that Raoul Benjamin is his friend and business partner.  FAC at ¶ 22 n.1.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6247-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Kevin Zhang Inc. and Kevin Zhang v. Joe Rozsa* | | |

*Reserve L.P. v. Papaliolios*, 218 Cal.App.4th 418, 427 (Cal. Ct. App. 2013) (noting that courts evaluating context of statement may consider audience that defendant targeted).

Considering the totality of these circumstances, a reasonable fact finder could conclude that the above statements[3] declare or imply a provably false assertion of fact—*i.e.*, that Zhang committed tax fraud and stole millions of dollars from a company. *See, e.g.*, *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 21 (1990) (finding statements constituted actionable defamation where reasonable fact finder could conclude that statements implied plaintiff perjured himself).

Finally, the Court rejects Rozsa's assertion that the statements at issue constitute "hyperbole." The statements do not constitute "the sort of loose, figurative, or hyperbolic language which would negate the impression that [Rozsa] was seriously maintaining" that Zhang committed tax fraud or stole millions of dollars from a company. *Milkovich*, 497 U.S. at 21. To the contrary, no exaggeration is apparent from the face of these factual statements.

Accordingly, the Court finds that Zhang's defamation claim is supported by sufficient factual allegations.[4]

   2. *Plaintiffs' Remaining Claims are Supported by Sufficient Factual Allegations.*

Plaintiffs assert eight other claims against Rozsa: (1) trade libel; (2) intentional interference with contractual relations; (3) intentional interference with prospective economic advantage; (4) violations of California's Unfair Competition Law ("UCL"); (5) civil harassment; (6) aiding and abetting a breach of

---

[3] Because the Court finds that at least some of the allegedly defamatory statements survive Rozsa's motion to dismiss, the Court need not address the remaining statements in the FAC. Rather, those statements are more appropriately addressed on summary judgment or at trial.

[4] Because Zhang's defamation claim is supported by sufficient factual allegations, his claim for invasion of privacy by false light also survives Rozsa's motion to dismiss. *See Eisenberg v. Alameda Newspapers*, 74 Cal.App.4th 1359, 1385 (Cal. Ct. App. 1999) ("When a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action.").

:

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6247-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | Kevin Zhang Inc. and Kevin Zhang v. Joe Rozsa | | |

fiduciary duty; (7) conspiracy to commit a breach of fiduciary duty; and (8) violations of 18 U.S.C. § 1030(a)(5)(B), *i.e.*, the Computer Fraud and Abuse Act.

The Court finds that Plaintiffs' factual allegations are sufficient to state a claim for relief on each of these causes of action. Plaintiffs allege that Rozsa made defamatory statements across three different videos, each of which were made to highlight allegedly fraudulent business practices that Zhang engages in. *See id.* at ¶¶ 18–22. The videos are titled "Con Man Kevin Zhang – Fake Guru E Commerce Scam Bustumentary," "Con Man Kevin Zhang – The Fake Guru Follow-Up," and "Kevin Zhang and Raoul Benjamin - Scamming and Racist Talk – In Their Own Words." The FAC further alleges that Rozsa distributed at least one of the videos across "multiple large marketing and eCommerce-related listservs, communities comprised of individuals interested in eCommerce and which includes current and potential customers of [Zhang's] educational course." *Id.* at ¶ 20. Under these circumstances—and contrary to Rozsa's assertions, Mot. at 21—Rozsa's allegedly defamatory statements were related to Plaintiffs' products and business.

Plaintiffs also allege that Rozsa directed one of Plaintiffs' consultants to post a number of disparaging statements on Plaintiffs' Facebook page without Plaintiffs' permission and otherwise disparaged the utility of Plaintiffs' Facebook page. *Id.* at ¶¶ 35–38.

Finally, Plaintiffs makes a variety of other allegations, including that Rozsa sought out and contacted Plaintiffs' students and attempted to convince them to breach their contracts and agreements with Plaintiffs; Rozsa sent harassing messages to Plaintiffs' employees and threatened violence unless the employees breached their non-disclosure agreements; and that Rozsa contacted and harassed Zhang's family members. *Id.* at ¶¶ 27–34.

Assuming the veracity of these allegations—as the Court must at this stage—the Court finds that Plaintiffs' FAC contains sufficient factual allegations to state a claim for relief as to each of the above identified claims. *See Iqbal*, 556 U.S. at 679.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-6247-SVW | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Kevin Zhang Inc. and Kevin Zhang v. Joe Rozsa* | | |

**VI.  Conclusion.**

For the foregoing reasons, Rozsa's motions to dismiss are DENIED.

IT IS SO ORDERED.